Date signed June 16, 2009



E. STEPHEN DERBY
U. S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Baltimore

| | |
|---|---|
| In re: | * |
| | * |
| JOSEPH L. SCOTT, | *   Case No. 08-23419-DK |
| | *   Chapter 7 |
| Debtor. | * |
| | * |

MEMORANDUM OF OPINION ON TRUSTEE'S
OBJECTION TO DEBTOR'S AMENDED SCHEDULE OF EXEMPTIONS

Debtor filed a Petition initiating this case under Chapter 7 on October 16, 2008. It was classified as a no asset case at filing.

In response to Question 7 of his Statement of Affairs that was filed with his Petition, the Debtor disclosed that more than nine months earlier, on December 28, 2007, he and his wife had transferred unencumbered residential real estate that they owned as tenants by the entirety to their children and step children, as a gift. The deed also recites that the transfer was a gift, without consideration. The real estate was not disclosed as an asset of Debtor on Schedule A.

The Debtor and his wife continued to reside in the property, without paying rent. However, they did pay all expenses, including real estate taxes and insurance. Schedule I and Question 2 of Debtor's Statement of Affairs disclose that Debtor and his wife are retired and

1

living on pension or retirement income. In response to Question 1 of his Statement of Affairs, Debtor disclosed that his employment income had been declining before retirement from more than $60,000 in 2006, to over $47,000 in 2007, to more than $27,000 in 2008. Debtor's schedules do not disclose any joint debt.

At Debtor's Meeting of Creditors on November 21, 2008, the Chapter 7 Trustee questioned the propriety of the disclosed real estate transfer and whether it was avoidable and recoverable for the benefit of the bankruptcy estate. On December 10, 2008, a deed dated December 5, 2008 was recorded that transferred the subject real estate from the children and step children back to the Debtor and his wife as tenants by the entirety. By letter dated December 11, 2008, Debtor's counsel advised the Trustee that this action had been taken, that Debtor would be amending his claim of exemptions to include the real estate, and that: "Hopefully, that will resolve your issues concerning this case."

The Trustee's issues were not resolved, and the Trustee thereafter filed a Notice of Assets on December 18, 2008, together with a request to retain counsel. On January 29, 2009, the Debtor filed amended Schedules A and C to disclose the real estate as an asset worth $50,000 and to exempt it under Maryland law, as to Debtor's individual creditors, as tenancy by the entirety property.

The Trustee has objected to Debtor's amended exemption of the subject real estate on three grounds. First, the exemption claim is barred by Section 522(g) of the Bankruptcy Code. Second, the tenancy by the entirety ownership of the real property could not be restored after Debtor filed his Chapter 7 petition. Third, the Debtor has acted in bad faith and prejudice to creditors either by transferring the property without consideration or by claiming the exemption.

The Trustee's third contention is rejected. No evidence of actual fraud was presented. The Debtor fully disclosed the real estate transfer in his initial filing. When the Trustee merely questioned the propriety of the transfer, the property was promptly reconveyed without requiring any action by the Trustee to compel the result. No creditor has been identified that could have been prejudiced by the transfer. Only joint creditors of the Debtor and his non-Debtor spouse could have looked to the real estate for satisfaction, because the real estate was held by them as tenants by the entirety, and there is no evidence, or even suggestion, that there were any joint creditors at the time of the transfer or thereafter. The mere act of claiming an exemption is not fraudulent or improper prejudice of creditors. Exemptions are permitted by statute and Bankruptcy Rule in furtherance of public policy. 11 U.S.C. Section 522(b); Bankruptcy R. 4003. Amendments are permitted as a matter of course. Bankr. R. 1009(a). It can be argued that any exemption will prejudice creditors because less will be available for distribution, but exemptions are still permitted as a matter of law in balancing the rights of creditors and debtors.

The Trustee's first objection that the Debtor's amended exemption is barred by Section 522(g) is also overruled, because no prima facie evidence was presented that the Trustee could have recovered the subject real estate under Section 550. Section 522(g) provides in relevant part:

> "...the debtor may exempt ... property that the trustee recovers under section 510[c](2), 542, 543, 550, 551, or 553 ... to the extent that the debtor could have exempted such property ... if such property had not been transferred, if -
>
> (1)(A) such transfer was not a voluntary transfer of such property by the debtor, and (B) the debtor did not conceal such property; or
>
> (2) the debtor could have avoided such transfer under subsection (f)(1)(B) ...."

3

The Trustee does not have actually to file a complaint or obtain a judgment for recovery of a transfer for this section to apply. It is sufficient if the promise of legal action by the Trustee had a coercive effect that produced the recovery. In re Glass (Glass v. Hitt), 60 F.3d 565 (9th Cir. 1995). Here subsection 522(g)(2) is not applicable because a purchase money security interest in consumer goods is not involved. Although subsection 522(g)(1)(B) is applicable because Debtor did not conceal the property, subsection 522(g)(1)(A) is not applicable because Debtor's initial transfer of the subject property was voluntary. But see In re Glass, supra, at fn 5, where the court states that it does not reach the question of whether the exemption [claim] would survive if, as here, the filings had disclosed the transfer. Although section 522(g) thus appears to be applicable to bar Debtor's amended exemption claim of the restored real property, it is not, based on the limited record before the court here. Section 522(g) requires that the recovery result from invocation of the Trustee's avoidance powers. The Trustee must make some showing that it would be reasonable to conclude that the Trustee might be able to avoid the subject transfer. Here, there was no such showing of essential elements of such a cause of action. The only avoidance section that the Trustee suggested might be applicable is section 550, based on a fraudulent transfer under Section 548 or 544. However, there was no evidence from which to conclude there had been an actual fraud, and no evidence from which one could reasonably conclude there was a constructive fraud to the prejudice of one or more creditors. At the time of the transfer there is no evidence there existed one or more joint creditors who could have satisfied a claim from the property held as tenants by the entirety. Indeed, no joint creditors are disclosed in the Debtor's schedules. There is no indication that at the time of the transfer Debtor

4

was not current on all of his financial obligations.  The Trustee has offered no evidence to the contrary.

The Trustee's second objection, however, will be sustained on the narrow ground asserted.  Once the Debtor and his spouse transferred their real property held as tenants by the entirety, the tenancy by the entirety was destroyed.  When the property was reconveyed to the Debtor while in bankruptcy so that Debtor's interest in the real estate became property of the bankruptcy estate, subject to the Trustee's interests and control, the real estate could not become tenancy by the entirety property because of the bankruptcy estate/Trustee's interest therein. See In re Goldman, 111 BR 230 (Bankr. E.D. Mo. 1990); In re Swiontek, 376 BR 851 (Bankr. N.D. Ill. 2007).

This ruling does not mean, however, that the Trustee, for the bankruptcy estate, has a 100% interest in the reconveyed real estate.  Debtor's non-debtor wife has a joint interest in the property for which the Trustee must account to her, and the Debtor may claim an exemption as to his interest in the property within the statutory limits that remain available to him.  However, the Debtor may not claim the entire property as exempt by asserting that it is property now owned as tenancy by the entirety property.

A separate order will be entered in accordance with this opinion.


cc:   John B. Robins, IV, Esquire
      P.O. Box 506
      Salisbury, Maryland   21803-0506

      Craig B. Leavers, Esquire
      Hofmeister & Leavers, LLC
      409 Washington Avenue, Suite 210
      Towson, Maryland   21204

5

Lori S. Simpson, Trustee
Bishop, Daneman & Simpson, LLC
2 N. Charles Street, Suite 500
Baltimore, Maryland   21201

Joseph L. Scott, Debtor
125 Maple Street
Crisfield, Maryland   21817

Office of the U.S. Trustee
2625 U.S. Courthouse
101 West Lombard Street
Baltimore, Maryland   21201

**End of Opinion**